UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN ERNEST EMPEY,<br><br>Defendant. | Case No. 4:18-cr-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Shawn Empey's Motion for Compassionate Release. Dkt. 140. The Government opposes the motion. Dkt. 141. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In 2019, Empey pled guilty to possession with intent to distribute methamphetamine and was sentenced to 84 months incarceration. Empey was arrested after repeatedly selling methamphetamine to a confidential informant and undercover officer. *PSR*, Dkt. 119. Empey was held responsible for 583.44 grams of methamphetamine. *Id.* Empey was in possession of a firearm when he was arrested. Notably, Empey's guideline range was 120 to 170 months, yet the Court

**MEMORANDUM DECISION AND ORDER - 1**

granted him a downward departure, finding his criminal history category was overstated. Dkt. 124.

Empey has served approximately 29 months of his sentence. His projected release date is September 11, 2024. Empey is currently incarcerated at FCI Englewood, which has 3 inmates and no staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed March 11, 2021).

Empey is 52 years old and allegedly suffers from hypertension and obesity, but has submitted no records to support these allegations. Empey contracted COVID on December 7, 2020, appears to have had mild symptoms, and has recovered. Dkt. 141-1.

## LEGAL STANDARD

Empey seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680

**MEMORANDUM DECISION AND ORDER - 2**

(N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Empey has not alleged, nor submitted any evidence, that he requested compassionate release from the Warden of his facility. Therefore, he has not exhausted his administrative remedies and his motion is not properly before the Court. Despite this, the Court would still deny the motion on the merits.

The § 3553(a) factors do not warrant a reduction of Empey's sentence. Empey has served only 29 months of his sentence. Empey was arrested after repeatedly selling methamphetamine to a confidential informant and was in possession of a firearm. The Court granted Empey a significant departure at sentencing, and finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Empey's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Empey has not demonstrated extraordinary and compelling reasons for his release. He has not demonstrated any health conditions that put him at greater risk of complications if he contracts COVID. Further, Empey contracted COVID, had

relatively mild symptoms, and recovered. Finally, BOP is actively distributing vaccines.

Empey also suggests that he is not able to participate in RDAP, due to the firearm enhancement listed in his PSR. But BOP has discretion to determine who may participate in RDAP and the Court has no authority to alter Empey's sentence because BOP determined he does not qualify for RDAP. Empey also suggests his mother is ailing and needs his assistance. Neither of these are extraordinary and compelling reasons warranting release.

## ORDER

**IT IS ORDERED** that Shawn Empey's Motion for Compassionate Release (Dkt. 140) is DENIED.

DATED: March 15, 2021

B. Lynn Winmill
U.S. District Court Judge