UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN ERNEST EMPEY,<br><br>Defendant. | Case No. 4:18-cr-00262-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Shawn Empey's Motion to Reduce Sentence to Time Served. Dkt. 286. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On May 5, 2026, the Court revoked Empey's supervised release after he admitted multiple violations, including repeated methamphetamine use, missed drug testing, and alcohol use. The advisory guideline range was seven to thirteen months. The Court imposed a below-guideline sentence of five months' imprisonment followed by one year of supervised release.

During the revocation hearing, defense counsel raised concerns regarding Empey's medical condition, including recent surgeries and the fact that he was not

MEMORANDUM DECISION AND ORDER - 1

receiving testosterone replacement therapy ("TRT") in custody. The Court considered those concerns but was not persuaded, on the record then available, that the TRT issue justified a lower custodial sentence or home confinement. The Court nevertheless indicated to defense counsel that he could request a sentence modification.

Within two weeks, Empey filed the pending motion. He says his health has deteriorated markedly since the May 5, 2026 hearing, noting that he has been "transported *twice by ambulance* to two different hospitals for acute cardiac events . . . ." *Motion,* Dkt. 286-1, at 1. He contends that these intervening medical events demonstrate that continued incarceration places him at unnecessary and substantial risk of death or serious injury. He requests immediate release.

## LEGAL STANDARD

"Our justice system relies on the finality of criminal judgments. Once imposed a sentence may be altered 'only in very limited circumstances.' Congress provided one such 'narrow' exception—sometimes called compassionate release— for when extraordinary and compelling reasons warrant reducing a defendant's sentence." *United States v. Bryant,* 144 F.4th 1119, 1123 (9th Cir. 2025) (internal quotation marks and citations omitted).

The Court construes Empey's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Although he references Rule 35 and 18 U.S.C. §

3583, neither provides a viable procedural basis for the relief requested. Rule 35 is limited to correcting clear sentencing errors and does not authorize reconsideration based upon post-sentencing medical developments. Likewise, § 3583 authorizes modification of supervised-release conditions but does not provide authority to reduce a custodial revocation sentence that has already been imposed.

Under § 3582(c)(1)(A), a district court may exercise its discretion to reduce a sentence only when three conditions are met. "First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' *Id*. Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Bryant,* 144 F.4th at 1123. The defendant bears the burden of establishing entitlement to relief.

## ANALYSIS

### A.    Exhaustion

The Government argues that Empey failed to satisfy the exhaustion requirement contained in § 3582(c)(1)(A). The Court recognizes that this case presents an unusual circumstance because Empey is serving a short sentence in a

county jail rather than in a Bureau of Prisons facility. The parties dispute whether meaningful administrative remedies exist in that setting. The Court does not need to determine whether the exhaustion requirement is excused, however, because assuming exhaustion, Empey has not demonstrated extraordinary and compelling reasons warranting a sentence reduction.

**B.      Extraordinary & Compelling Reasons**

**1.  Cardiac Events**

As noted above, Empey points to two recent ER visits in support of his compassionate-release motion. The first of these visits occurred within a week of the revocation hearing, on May 9, 2026. On that date, Empey reported chest pain, numbness and tingling in his right arm, and a slow heart rate. Jail medical staff documented an irregular heart rhythm and arranged for ambulance transport to Idaho Falls Community Hospital for evaluation. Defendant was subsequently returned to custody.

Two days later, on May11, 2026, Defendant again reported chest pain and was transported by ambulance to Eastern Idaho Regional Medical Center. He was evaluated in the emergency department and discharged back to the jail with instructions to follow up and consider cardiology evaluation if symptoms persisted or worsened:

> 57-year-old male presented from Jefferson County Jail for
> evaluation of chest pain radiating to his right arm. Upon arrival,

he was pleasant, cooperative, and in no distress, with normal vital signs and physical exam. Aspirin was administered as part of chest pain protocol. An EKG was obtained and interpreted, revealing sinus rhythm with frequent PVCs, non-specific T wave abnormalities, and prolonged QT, but no evidence of STEMI. IV access was established, and laboratory studies including cardiac enzymes (troponin x2), chemistry panel, white blood cell count, urinalysis, and toxicology screen were drawn and reviewed; all results were unremarkable. Chest X-ray showed no acute cardiopulmonary findings. The patient remained asymptomatic and stable throughout his ED stay, which lasted over two and a half hours. After thorough evaluation and monitoring, no evidence of acute coronary syndrome or other emergent pathology was found. *The patient was deemed appropriate for discharge with instructions to follow up with the jail medical provider and consider outpatient cardiology evaluation if symptoms persist or worsen.*

*May 11, 2026 ER Provider Report,* 288-1 at p. ECF 22 of 55 (emphasis added).

Having reviewed this report alongside the other medical evidence in the record, the Court cannot find that Empey's recent cardiac events support a sentence reduction. Empey points out that the EKG performed on May 11, 2026, was interpreted as abnormal. The Court does not disregard those findings, but the ER physician was aware of these results and nonetheless deemed Empey appropriate for discharge. Moreover, the question for purposes of this motion is not simply whether the EKG was abnormal, but whether the entire medical record demonstrates an emergent or unstable cardiac condition that constitutes an extraordinary and compelling reason for release. The record does not support that conclusion.

MEMORANDUM DECISION AND ORDER - 5

To the contrary, the medical record related to the ER visits undermines the contention that Empey presently suffers from a cardiac condition requiring release from custody. While further evaluation may become appropriate, the records do not show that Defendant requires hospitalization, immediate specialty intervention, or release in order to obtain necessary care. Nor do the records establish that Jefferson County Jail is incapable of responding to Defendant's cardiac complaints.

### 2.  Testosterone Replacement Therapy (TRT)

Likewise, on the present record, the Court cannot conclude that the cessation of Empey's TRT during incarceration justifies immediate release. The record establishes that Empey was prescribed TRT before incarceration and that TRT was included among the medications identified during jail intake. Empey has also submitted a letter from a treating provider stating that TRT is medically necessary for his diagnosed hypogonadism and should not be discontinued without appropriate medical evaluation and clinical justification.

The Court remains concerned that TRT has not been administered during Empey's confinement. The record does not explain why TRT was not provided to Empey. Indeed, the lack of clarity surrounding that issue was one of the concerns the Court identified during the revocation hearing.

Even so, the present record falls short of establishing an extraordinary and

MEMORANDUM DECISION AND ORDER - 6

compelling circumstance warranting release. The medical records show that shortly after intake Empey inquired about testosterone injections. Jail medical staff advised him to submit a medical request to discuss the issue with a provider and further advised him that testosterone injections likely would not be approved. But after that, Defendant did not pursue a review through the jail's medical process.

The Court accepts Empey's assertion that financial limitations may have complicated his ability to access that process. (Empey says he could not afford the $10 fee.) Nevertheless, the present record does not establish that a provider reviewed and denied TRT, or that jail medical staff were unwilling to consider TRT if appropriately presented through the available medical-review process. Thus, the Court does not know whether a provider would have approved TRT, denied TRT, ordered additional testing, requested outside records, or recommended alternative treatment. As a result, even though jail staff indicated TRT likely wouldn't be approved, given that Empey did not follow through with the process, the Court lacks a developed record demonstrating that Jefferson County Jail was unwilling or unable to provide appropriate medical care.

More fundamentally, the record does not demonstrate that the absence of TRT created an acute medical emergency. Empey has submitted evidence that TRT was prescribed and that a treating provider considers it medically necessary. But the record does not contain evidence demonstrating that the lack of TRT

MEMORANDUM DECISION AND ORDER - 7

during Empey's remaining custodial term places him at substantial risk of serious deterioration, serious injury, or death. The Court therefore cannot conclude that the TRT issue constitutes an extraordinary and compelling reason for compassionate release.

## C.    The § 3553(a) Factors

Finally, the § 3553(a) factors do not support reducing the sentence to time served. The Court imposed sentence just a few weeks ago. And that five-month sentence already reflected leniency and represented a downward variance from the advisory guideline range of seven to thirteen months. When imposing sentence, the Court considered Empey's medical history, family circumstances, employment history, and prior conduct on supervision. The Court also considered the nature of the violations, including repeated methamphetamine use and repeated failures to comply with supervision requirements.

The Court remains persuaded that a custodial sanction is necessary to reflect the seriousness of the violations, promote respect for the Court's supervision orders, provide deterrence, and facilitate Defendant's successful transition back to supervision.

The Court has also considered § 3553(a)(2)(D), which directs courts to consider the need to provide necessary medical care in the most effective manner. On the present record, however, the Court is not persuaded that Defendant's

MEMORANDUM DECISION AND ORDER - 8

medical needs cannot be addressed during the brief remainder of his custodial sentence. Defendant has received outside emergency medical evaluation when necessary, and the record does not establish that immediate release is required to address either cardiac concerns or TRT.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Reduce Sentence to Time Served (Dkt. 286) is **DENIED.**

DATED: June 1, 2026

B. Lynn Winmill
United States District Judge